**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Douglas Omar MARTINEZ,
Defendant–Appellant.**

No. 06–10508.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2007.[*]

Filed Aug. 20, 2007.

Samuel Ali Washington, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Edward H. Laber, Esq., Edward Harris Laber, Ltd., Tucson, AZ, for Defendant–Appellant.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

MEMORANDUM [**]

Douglas Omar Marinez, a citizen of El Salvador, appeals his jury conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. He contends that the district court erred in admitting incul-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

patory statements he made regarding his citizenship to a border patrol agent because such statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The facts and procedural history are known to the parties and we repeat them here only as necessary.

## I

Even assuming that the district court erred under our precedents in refusing to suppress Martinez's statements to Border Patrol Agent Schagel, *see United States v. Gonzalez–Sandoval*, 894 F.2d 1043 (9th Cir.1990); *United States v. Equihua–Juarez*, 851 F.2d 1222 (9th Cir.1988), any *Miranda* error was harmless beyond a reasonable doubt. *United States v. Khan*, 993 F.2d 1368, 1376 (9th Cir.1993) (declining to decide *Miranda* issue because any error was harmless). To find an error of constitutional dimension harmless is "to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *Id.* (quoting *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991)).

The record as a whole establishes Martinez's guilt beyond a reasonable doubt.[1] Among the evidence introduced was Martinez's initial unchallenged statement of alienage in the field, his A-file, which included both an Order of Deportation from October 2005 and a July 17, 2002 application for "Temporary Protected Status" in which he affirmed that he was a citizen of El Salvador. These documents, linked to him through fingerprint evidence, along with a Certificate of Non–Existence of Record ("CNER"), established that Martinez had previously been deported, had claimed Salvadoran citizenship, and had not received permission to reenter the United States. Martinez contends that absent his confession, "the evidentiary challenge before the jury therefore would have been that the person identified in the 'A' file was Salvadoran, whereas the defendant in the courtroom was ostensibly a Mexican." Uncontroverted fingerprint analysis demonstrated, however, that Martinez's fingerprints obtained during trial matched four documents in Martinez's A-file, which "were made by one and the same individual to the exclusion of all others." Therefore, Martinez's argument that he was a different person from the subject of the A-file would have been unavailing

In light of such overwhelming evidence of guilt, Martinez's inculpatory statement was of limited value. As an example, in closing arguments, in attempting to establish Martinez's alienage, the prosecutor pointed to four pieces of evidence: (1) Martinez's Application for Temporary Protective Status listing his birthplace as El Salvador; (2) the deportation order; (3) the contents of Martinez's A-file; and (4) the admissions to Agent Schagel. Given the cumulative nature of Martinez's inculpatory statement, its evidentiary value was "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *Khan*, 993 F.2d at 1376.

## II

For the foregoing reasons, Martinez's conviction for illegal reentry after deportation is

**AFFIRMED.**

---

1. A conviction under 8 U.S.C. § 1326 requires the government to prove: (1) the defendant is an alien; (2) he was deported from the United States; (3) he was found in or re-entered the United States; and (4) he did not have permission to enter the United States.